United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:

Terry Raymond Kraus,  Case No. 07-54580-R
               Debtor.  Chapter 7
_____/

Opinion Regarding Trustee's Objection to Debtor's Claim of Exemption

This matter is before the Court on the trustee's objection to the debtor's claim of exemption. The Court conducted a hearing on December 17, 2007, and afforded the parties an opportunity to file supplemental briefs. For the reasons indicated below, the trustee's objection is overruled.

I.

Raymond Kraus filed for chapter 7 relief on July 26, 2007. He initially elected the federal exemptions and listed a $75,041 workers' compensation award as exempt under § 522(d)(10)(C) or § 522(d)(11)(E). The trustee filed an objection. On October 19, 2007, the Court entered an order sustaining the trustee's objection.

On October 24, 2007, Kraus amended his schedule C to claim his exemptions under state law. Kraus listed the workers' compensation award exempt under M.C.L.A. § 600.5451(1)(j). The trustee again filed an objection.

II.

An entity objecting to an exemption must establish, by a preponderance of the evidence, that the exemption is improper. Fed. R. Bank. P. 4003(c); *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718,

723 (B.A.P. 6th Cir. 1999). Exemptions are to be liberally construed in favor of the debtor. *In re Sanchez*, 362 B.R. 342, 358 (Bankr. W.D. Mich. 2007). Moreover, "a claimed exemption should be construed in light of the purpose for which it was created." *Lebovitz v. Hagemeyer* (*In re Lebovitz*), 360 B.R. 612, 618-619 (B.A.P. 6th Cir. 2007).

Mich. Comp. Laws § 5451(1)(j) provides:

> (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:
>
> * * * *
>
> (j) Money or other benefits paid, provided, or allowed to be paid, provided, or allowed, by a stock or mutual life, health, or casualty insurance company because of the disability due to injury or sickness of an *insured person*, whether the debt or liability of the insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that this exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

M.C.L.A. § 600.5451(1)(j) (emphasis added).

The trustee contends that Kraus is not an insured person because under the Michigan Workers' Compensation Statute, the employer is the insured party, not the employee.

The Michigan Workers' Disability Compensation Act provides, in part:

> (2) The state accident fund and each insurer issuing an insurance policy to cover any employer not permitted to be a self-insurer under section 611 shall insure, cover, and protect in the same insurance policy, all the businesses, employees, enterprises, and activities of the employer.

2

M.C.L.A. § 418.621(2) (footnote omitted).

The statute specifically states that each insurer shall insure all employees. The Court therefore rejects the trustee's argument that Kraus is not an insured person. Accordingly, the trustee's objection to the debtor's exemption is overruled.

**Signed on February 26, 2008**

                                                                                          **/s/ Steven Rhodes**
                                                                                         **Steven Rhodes**
                                                                                        **Chief Bankruptcy Judge**